FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 16 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

11-CR-449 (SJ) (RER)

v.

ORDER ADOPTING
REPORT AND
RECOMMENDATION

SHANE BROWNE, CASSANDRA CEAN,
and KIM RAMLOCHAN,

Defendants.

----------------------------------------------------X

APPEARANCES

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
217 Cadman Plaza East
Brooklyn, NY 11201
By:    Maria Cruz Melendez
       Margaret Gandy
*Attorneys for the Government*

SPAR BERNSTEIN LEWIS
99 Park Avenue PH Suite
New York, NY 10016
By:    Meredith Stacy Heller
*Attorneys for Defendant Shane Browne*

EDWARD IRIZARRY
New York, NY 10016
*Attorney for Defendant Cassandra Cean*

THE BLANCH LAW FIRM
261 Madison Avenue, 12th Floor
New York, NY 10016
By: Bradley L. Henry
   Paul John Wiegartner, Jr.
   Ryan Gordon Blanch
*Attorneys for Defendant Kim Ramlochan*

AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103
By: Ashley Sparrow Miller
*Attorneys for Interested Party PennyMac Loan Services, LLC*

JOHNSON, Senior District Judge:

Presently before the Court is the Report and Recommendation issued by Magistrate Judge Reyes on December 2, 2016 (the "Report") (Dkt. 295), recommending that Defendants Shane Browne, Cassandra Cean and Kim Ramlochan be ordered, pursuant to the Mandatory Victims Restitution Act ("MVRA"), to pay restitution totaling $243,148.51, plus prejudgment interest, to Impact Funding Corporation as master servicer for Impac Secured Asset Series 2007-2 Trust ("Impac"). Familiarity with the Report is assumed. Defendants Cean and Ramlochan, and alleged victim PennyMac Loan Services, LLC, as servicer for PennyMac Loan Trust 2011-NPL-1 ("PennyMac"), timely filed objections to the Report (collectively, the "Objecting Parties"). (Dkts. 297, 298 & 299.)

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court

P-049

proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon de novo review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Defendants Ramlochan and Cean object to the Report because they disagree with Judge Reyes' finding that Impac is entitled to restitution. Ramlochan argues that Impac is not a victim under the MVRA because it severed the causal relationship between Defendants' fraud and its loss by accepting an "objectively unreasonable" short sale price on the property at issue, breaching the representations and warranties contained in the Pooling and Servicing Agreement ("PSA"), and failing to unwind the loan after default. These arguments, previously made by Defendants and considered by Judge Reyes in advance of issuing the Report, are without merit. It is common for short sales to occur for less than market price, making the eventual sale price a foreseeable result of Defendants' fraud, and there is ample evidence that the sale was appropriately conducted so as not to create a windfall for Impac. Additionally, there is no evidence of active

3

fraud perpetrated by Impac, and, even if Impac breached the PSA representations and warranties, Defendants' conduct is still the but-for cause of Impac's loss, in that Defendants "created the circumstances under which the . . . loss occurred." United States v. Erayud, 809 F. 3d 462, 469 (9th Cir. 2015) (citation omitted).

Cean argues that Impac is not a victim because its "deliberate misconduct" in knowingly selling defaulted mortgages and lack of reliance on representations made by Cean severed the causal relationship between the fraud and the loss. Cean's arguments are also without merit. A successor lender is not required to conduct a new underwriting of every loan it purchases, especially where a loan is purchased in close temporal proximity to its origination. Further, the PSA required that the seller both comply with underwriting standards in originating the loan and represent that the loan is in good standing. Finally, even if Impac breached the PSA's representations and warranties, the causation requirement of the MVRA is not so rigid as to require that Defendants' fraud be the sole cause of Impac's loss. For the same reason, Santander National Bank ("Santander") is also a victim.

Ramlochan also argues that Impac has not suffered an identifiable loss, as the government presented no evidence as to how Impac's losses were allocated by the trust and the individual investors. However, this argument, also previously made and considered, is without merit, because Impac paid an identifiable sum for the loan at issue, making a detailed analysis of every loan in the trust pool unwarranted. Cean further objects that Impac neither suffered a loss, nor has

4

standing to receive restitution. This argument, again previously made and considered, is also without merit. A loan servicer has standing to receive restitution. See United States v. Hymas, 605 F. App'x 622, 624 (9th Cir. 2015).

PennyMac objects to the Report because it disagrees with Judge Reyes' findings that it is not a victim under the MVRA, and that it has not suffered an identifiable loss sufficient to mandate restitution. However, the but-for causation necessary to determine that a successor investor is a victim, present with respect to Impac and Santander, is not present with respect to PennyMac. Namely, there is no evidence that PennyMac reviewed or otherwise relied on the original underwriting, and, unlike Impac, there is no evidence that PennyMac required the seller to represent that the loan at issue was sound. This, combined with the four-year period of time that elapsed between the fraud and the transfer of the loan at issue to PennyMac, as well as the delay in completing the foreclosure proceedings that commenced more than four years ago, is sufficient to sever the causal relationship between the fraud and the alleged loss. Further, there is no way to determine whether the delay in foreclosure is linked to Defendants' fraud, making any loss PennyMac alleges with respect to maintenance fees unidentifiable.

After reviewing Judge Reyes' Report and the Objecting Parties' submissions, and after reviewing de novo those portions of the record to which the objections were made, as well as hearing argument regarding the same on May 26,

5

2017, October 26, 2017 and November 2, 2017, the Court affirms Judge Reyes' well-reasoned Report in its entirety.

SO ORDERED.

Dated: January 11, 2018
      Brooklyn, New York

s/ SJ
_____
Sterling Johnson, Jr. U.S.D.J.